UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WATSON,<br><br>             Plaintiff,<br><br>v.<br><br>TRUWEST CREDIT UNION, et al.,<br><br>             Defendants. | Case No. 12cv2438-GPC (BLM)<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER EXTENDING DATE FOR EXCHANGE OF EXPERT REPORTS**<br><br>**[ECF No. 31]** |

On June 25, 2013, Plaintiff filed an *Ex Parte* Application for Order Extending Date for Exchange of Expert Reports. See ECF No. 31. The current deadline for the exchange is June 26, 2013 [see id. at 2; see also ECF No. 15 at 2.] and Plaintiff seeks to continue the deadline to July 11, 2013. See ECF No. 31 at 3. In support, Plaintiff states that while working with his expert, Ms. Vickie Wolfe, he "received a request from her office that [he] request an extension of time for preparation of reports" so that he could obtain wage and benefit information from the Transportation Safety Administration ("TSA"), Plaintiff's former employer, that "is not publically available." Id. at 2. In further support, Plaintiff states that he has searched for alternative sources for the information, but has yet to find it and that Defendant TruWest Credit Union (TruWest") also has attempted to gather this information via subpoena without success. Id.

Defendant TruWest filed an opposition to Plaintiff's motion on June 26, 2013. See ECF No. 32. In its opposition, TruWest contends that Plaintiff's motion "should be denied on procedural grounds alone." Id. at 1. In support, TruWest argues that Plaintiff violated the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rules 83.3h, 7.1a, 7.1b, and 7.1f when he failed to (1) provide notice of the *ex parte* application to TruWest, (2) file a motion, notice of motion, or memorandum of points and authorities, and (3) obtain a hearing date. Additionally, TruWest argues that Plaintiff's motion should be denied on the merits. Id. at 3. In support, TruWest contends that Plaintiff has failed to demonstrate good cause for his request because he will not be "irreparably prejudiced" if the motion is heard in accordance with regular noticed motion procedures and because Plaintiff failed to show that "he is without fault in creating the crisis or that the crises occurred as a result of excusable neglect." Id. at 3. In further support, TruWest notes that FRCP 26 provides a procedure for supplementing an expert report when additional information is later obtained and that the information Plaintiff alleges to be seeking is readily available on the internet. Finally, TruWest contends that Plaintiff has had "ample time and opportunity to consult with his expert" and should not have waited until June 19, 2013 to address this issue, and that TruWest's subpoena that Plaintiff mentions was not seeking TSA pay scales. Id. at 4-5.

## DISCUSSION

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 15 at 7 (stating that dates "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also

may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

Here, Plaintiff has failed to demonstrate good cause for his request. The fact that Plaintiff designated his expert on April 26, 2013 and did not raise the issue of a continuance with the Court until June 25, 2013, sixty days later and one day before the Court's deadline, and the fact that the information that Plaintiff seeks appears to be readily available on the internet with a basic Google search, supports the Court's finding that Plaintiff has not shown "reasonable diligence" justifying an extension of time. Furthermore, there is a procedure Plaintiff can follow should he need to include any additional information in his expert report after it has been submitted to Defendants[1] making a continuance unnecessary. Finally, in addition to his failure to demonstrate good cause, Plaintiff's has failed to adhere to the procedural requirements set forth in the Civil Local Rules for an *ex parte* application. See Civil local Rule 83.3. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 28, 2013

BARBARA L. MAJOR
United States Magistrate Judge

---

[1] See FRCP 26(e)(2) (stating "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due").